IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCUS LYNN JOHNS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-10-3059 |
| | § | |
| RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION, | § § § § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION GRANTING
RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Before the Magistrate Judge is Respondent's Motion to Dismiss (Document No. 10), in which Respondent argues that Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1) should be dismissed as time-barred. Having considered Respondent's motion, Petitioner's response (Document No. 14), the claims Petitioner raises in this proceeding, the state court records, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Respondent's Motion for Summary Judgment be GRANTED, and this § 2254 proceeding be dismissed as time-barred under 28 U.S.C. § 2244(d).

**I.      Procedural History**

Petitioner Marcus Lynn Johns ("Johns") is currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, as a result of an aggravated robbery offense in the 183rd District Court of Harris County, Texas, Cause No. 853289. Johns was charged by

Indictment with that offense on October 18, 2000, was found guilty by a jury on February 12, 2002, and was sentenced to sixty years incarceration. His conviction was affirmed by Texas' Fourteenth Court of Appeals on May 1, 2003.

Johns did not file a petition for discretionary review ("PDR") within thirty days of the Texas Court of Appeals' affirmance of his conviction. Instead, on February 4, 2004, he filed a state application for writ of habeas corpus, seeking therein permission to file an out of time PDR. On November 5, 2008, Johns' request was granted and he was given thirty days to file a PDR. That deadline was later extended to March 2, 2009. On March 16, 2009, Johns' PDR was filed. It was thereafter denied as untimely on June 3, 2009. Johns then, on May 16, 2010, filed a substantive state application for writ of habeas corpus. It was denied by the Texas Court of Criminal Appeals on July 28, 2010, without written order on the findings of the state trial court without a hearing. This § 2254 proceeding, filed by Johns on August 19, 2010, followed.[1]

## II. Claims

Johns raises three claims in this § 2254 proceeding:

1.  that he was subjected to an impermissibly suggestive line-up;

---

[1] John's § 2254 application was received by the Court and filed on August 25, 2010. The application appears to have been completed and signed by Johns on August 19, 2010. Under the mailbox rule, which governs the determination of when a pro se filing is deemed filed, *see Houston v. Lack*, 487 U.S. 266 (1988) (announcing a "mailbox rule" for *pro se* prisoner filings, whereby a prisoner's *pro se* filing is deemed filed as of the date such filing is entrusted to the prison mail system); *Spotville v. Cain*, 149 F.3d 374, 376-77 (5th Cir. 1998) (holding, in reliance on *Lack*, that "a habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing"), August 19, 2010, will be considered the date Johns filed his § 2254 application for limitations purposes.

    2.    that he was not advised of his rights against self-incrimination prior to participating in a line-up; and

    3.    that his appellate counsel was ineffective

Respondent, in his Motion to Dismiss, argues that these claims, and the entirety of Johns' Federal Application Writ of Habeas Corpus, are time-barred under 28 U.S.C. § 2244(d).

### III.　Discussion – Limitations

Under 28 U.S.C. § 2244(d), applicants for federal habeas corpus relief are subject to a one year limitations period as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court.  The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, Johns' conviction became final on March 2, 2009, when he failed to file a PDR within the time allowed for by the Texas Court of Criminal Appeals. *See* 28 U.S.C. § 2244(d)(1) (the limitations period shall run from "the expiration of the time for seeking [direct] review"); *see also Robertson v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) ("If the conviction does not become final by the conclusion of direct review, it becomes final by 'the expiration of the time for seeking such review.' . . . If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.").

Johns argues, in the face of the Texas Court of Criminal Appeals' dismissal of his PDR on timeliness grounds, that he *did* file a timely petition for discretionary review. According to Johns, he placed his PDR in the prison mail system on February 26, 2009, four days before the March 2, 2009, deadline; his only error was in sending the PDR to the Texas Court of Criminal Appeals. Under TEX. R. APP. P. 68.3, Johns was required to file his PDR with the clerk of the court of appeals, which would then have forwarded it to the Texas Court of Criminal Appeals. Because he sent his PDR to the Texas Court of Criminal Appeals, not the clerk of the court of appeals, as was required by TEX. R. APP. P. 68.3, his PDR was not filed until March 16, 2010, over a week after the March 2, 2009, deadline had expired.

Johns' argument that his PDR should have been considered timely by the Texas Court of Criminal Appeals is not an issue that this Court is in a position to review or resolve. It is not a federal habeas court's function "to review a state's interpretation of its own law." *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995); *see also Wilkerson v. Whitley*, 16 F.3d 64, 67 (5th Cir. 1994) (a federal court does not "sit as a `super' state supreme court in a habeas corpus proceeding to review errors under state law"). As such, by virtue of the Texas Court of Criminal Appeals' interpretation

4

of Texas law, Johns' conviction was final on March 2, 2009, when he failed to file a proper and timely PDR. The one year limitations period in § 2244(d)(1) commenced on that date.

Johns' argues that the limitations period should run from June 3, 2009, the date his PDR was actually dismissed as untimely by the Texas Court of Criminal Appeals, and not from March 2, 2009, which was the deadline for the filing of a proper and timely of a PDR. Such an argument, however, has been rejected by the Fifth Circuit. *See e.g. Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (rejecting petitioner's argument that the limitations period should run from the date his untimely direct review petition is denied); *see also Randle v. Crawford*, 604 F.3d 1047, 1054-55 (9th Cir. 2010) (rejecting argument that conviction is final and § 2244(d)'s limitations period runs from the date an appeal is dismissed as untimely).

Using March 2, 2009, as the date Johns' conviction was final, that being the date he failed to properly and timely file his PDR, Johns had one year from that date, until March 2, 2010, to file a timely § 2254 application. Johns' § 2254 application was not filed until August 19, 2010, well beyond the one year limitations period. In addition, because Johns' substantive state application for writ of habeas corpus was not filed until May 2010, after the limitations period had already expired, it could not have tolled the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application for writ of habeas corpus did not toll § 2244(d)'s limitation period where the state application for writ of habeas corpus "was not filed until *after* the period of limitation had expired") (emphasis in original), *cert. denied*, 532 U.S. 963 (2001). Therefore, given that Johns' conviction was final for purposes of § 2244(d) on March 2, 2009, Johns' § 2254 application, which was filed on August 19, 2010, was over five months too late.

As for the applicability of equitable tolling, Johns makes no clear argument for equitable tolling, but he does point out that he is a layman, and that he did not know his PDR was improperly and untimely filed until the Texas Court of Criminal Appeals dismissed the PDR on June 3, 2009. Neither circumstance, or anything else evident in the record, warrants equitable tolling.

Last term, the Supreme Court in *Holland v. Florida*, 130 S.Ct. 2549 (2010), discussed the availability of equitable tolling in § 2254 proceedings. In so doing, the Supreme Court first noted that "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Id.* at 2554. The Supreme Court then set forth a two part test for the application of equitable tolling in a federal habeas corpus proceeding. First, the petitioner must show that "he has been pursuing his rights diligently.'" *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Second, the petitioner must show that "'some extraordinary circumstance stood in his way' and prevented timely filing." *Id.*

Here, Johns meets neither part of the test for equitable tolling. While Johns argues that he did not know until June 3, 2009, that his PDR would be considered untimely, the record shows he waited until May 16, 2010, nearly a full year, before he filed his state application for writ of habeas corpus. Johns sets forth no reason for this delay. In the absence of some explanation for this delay, Johns cannot show that he exercised diligence, or that some "extraordinary" circumstance stood in his way and prevented him from filing a timely § 2254 application. Accordingly, because Johns has not met his burden of showing that equitable tolling should apply, this case should be dismissed as untimely under § 2244(d).

IV.     **Conclusion and Recommendation**

Based on the foregoing and the conclusion that Johns' § 2254 application was not timely filed under 28 U.S.C. § 2244(d) and that equitable tolling is not available, the Magistrate Judge

RECOMMENDS that Respondent's Motion to Dismiss (Document No. 10) be GRANTED, and that Petitioner Marcus Lynn Johns' Federal Application for Writ of Habeas Corpus (Document No. 1) be DENIED and DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 2244(d) as time-barred.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 10th day of March, 2011.

Frances H. Stacy
United States Magistrate Judge